UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DINOFFRIA,

        Petitioner,                              Case No.  20-cv-11334
                                                           Honorable Mark A. Goldsmith

v.

MIKE BROWN,

        Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

On May 5, 2020, Michael Dinoffria filed a pro se Emergency Petition for Writ of Habeas Corpus, Application for Temporary Restraining Order, and Complaint for Injunctive Relief (Dkt. 1).  Because the proper venue for this case is the United States District Court for Western District of Michigan, the Court will transfer the case to that Court.

Dinoffria is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan.  He is serving a term of life imprisonment for an unspecified 1993 conviction obtained in Recorder's Court for the City of Detroit.  Petition at PageID.2.  Dinoffria seeks immediate release from custody under the Fifth and Fourteenth Amendments based upon the COVID-19 pandemic.  He writes that "[s]ocial distancing and hygiene measures are [his] only defense against COVID-19." Id. at PageID.3.  This defense is, he maintains, virtually unattainable in his current living situation: he lives in a twelve-foot by twenty-foot foot cubicle with seven other prisoners, shares bathrooms and showers with 159 other prisoners, and eats in a communal space with over 1,279 other prisoners and staff.  Id.  Dinoffria argues that his continued incarceration places him at great risk of serious illness or death.

Dinoffria filed his habeas petition under 28 U.S.C. § 2241(c)(3), which states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner must bring suit against "'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (alteration in Padilla). Where a petitioner challenges "present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435. In other words, for "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Dinoffria's current custodian is the warden of the Kinross Correctional Facility in Kincheloe, Michigan. Kincheloe is in Chippewa County and Chippewa County lies within the jurisdiction of the United States District Court for the Western District of Michigan. See 28 U.S.C. § 102(b)(2). The petition is therefore properly filed in the Western District of Michigan.

Where a civil action is filed in a court lacking jurisdiction, the Sixth Circuit Court of Appeals favors transfer of the action to "'any other such court in which the action . . . could have been brought at the time it was filed . . . .'" over dismissal of the action. Roman v. Ashcroft, 340 F.3d 314, 328-329 (6th Cir. 2003) (quoting 28 U.S.C. § 1631). Thus, the petition must be transferred to the Court having jurisdiction over Petitioner's custodian, the United States District Court for the Western District of Michigan.

    SO ORDERED.

Dated: July 2, 2020                  s/Mark A. Goldsmith
   Detroit, Michigan             MARK A. GOLDSMITH
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2020.

s/Karri Sandusky
Case Manager
